UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JEROME WASHINGTON,

                Plaintiff,
                                        MEMORANDUM AND ORDER
      -against-                  17-CV-6731(JS)(SIL)

SHIELD 153, Correction Officer;
VINCENT DEMARCO, Warden; LT. ALLEN;
LT. HENRY; JOHN DOE, Correction
Officer; JANE DOE; and LIEUTENANT III,

                Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:       Jerome Washington, pro se
                      18-A-0985
                      Downstate Correctional Facility
                      121 Red Schoolhouse Rd.
                      P.O. Box F
                      Fishkill, NY 12524

For Defendants:     No appearances.

SEYBERT, District Judge:

        On November 16, 2017, incarcerated pro se plaintiff Jerome Washington ("Plaintiff") filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 against the then-Warden of the Suffolk County Correctional Facility, Vincent DeMarco ("DeMarco"), three Suffolk County corrections lieutenants, namely Lt. Allen, and Lt. Henry, and Lt. III, and three unidentified corrections officers, John Doe, Jane Doe, and Shield 153, alleged to work at the Suffolk County Correctional Facility. (Compl. ¶ I.B. and at ECF p. 4.) Accompanying the Complaint is an application to proceed in forma pauperis. (Mot., Docket Entry 2.)

Upon review of the declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED. However, for the reasons that follow, the Complaint is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(i).

THE COMPLAINT[1]

Plaintiff's sparse Complaint is submitted on the Court's Section 1983 Complaint form and is illegible. As the Court can best discern, in its entirety, the Statement of Claim alleges that:

> Shield 153 use to shackle and cuff me all the time. Along with John Doe & Jane Doe. It was hard too read there badge no# over there. I got Lt. Allen & Lt. Henry from a Caucasian officer that work there. Vicent DeMarco is the Warden there. It was on the wall there. That is how I know his name.

(Compl. at ECF p. 6.) In the space on the form complaint that calls for a description of any injuries suffered and what medical

---

[1] All material allegations in the Complaint are presumed to be true for the purpose of this Memorandum and Order. Rogers v. City of Troy, N.Y., 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true). Excerpts from the Complaint as reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

treatment, if any was required and/or provided, Plaintiff alleges, "I got water in my legs from the shackles & cuffs being to tight." (Compl. ¶ II.A, at ECF p. 6.)  For relief, Plaintiff seeks, inter alia, "five million dollars in compensatory & punitive damages." (Compl. ¶ III, at ECF p. 7.)

## DISCUSSION

I.  In Forma Pauperis Application

Upon review of Plaintiff's declarations in support of his application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fees.  See 28 U.S.C. § 1915(a)(1).  Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b).  The Court is required to dismiss the action as soon as it makes such a determination.  See id. § 1915A(b).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197,

3

200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. Section 1983

Section 1983 provides that

[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983; accord Rehberg v. Paulk, 566 U.S. 356, 361, 132

4

S. Ct. 1497, 1501–02, 182 L. Ed. 2d 593 (2012).  To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'"  Rae v. Cty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)).

    A.    <u>Claims Against Warden DeMarco</u>

In order to state a claim for relief under Section 1983 against an individual defendant, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation.  Farid v. Elle, 593 F.3d 233, 249 (2d Cir. 2010).  The Supreme Court held in Iqbal that "[b]ecause vicarious liability is inapplicable to . . . [section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  556 U.S. at 676, 129 S. Ct. at 1948.  Thus, a "plaintiff asserting a Section 1983 claim against a supervisory official in his individual capacity" must sufficiently plead that the "supervisor was personally involved in the alleged constitutional deprivation."  Rivera v. Fischer, 655 F. Supp. 2d 235, 237 (W.D.N.Y. 2009).  A complaint based upon a violation under Section 1983 that does not

5

allege the personal involvement of a defendant fails as a matter of law and should be dismissed. Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010).

Here, Plaintiff's brief Complaint does not include any factual allegations sufficient to demonstrate personal involvement by Warden DeMarco regarding the events alleged in the Complaint. Thus, it appears that Plaintiff seeks to impose liability against Warden DeMarco solely based on the supervisory position he held. Wholly absent, however, are any allegations sufficient to establish any personal involvement by Warden DeMarco in the unlawful conduct of which Plaintiff complains. A supervisor cannot be liable for damage under Section 1983 solely by virtue of being a supervisor because there is no respondeat superior liability under Section 1983. Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003). Accordingly, Plaintiff's claims against Warden DeMarco are not plausible and are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii); 1915A(b).

IV. Rule 8 of the Federal Rules of Civil Procedure

Pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002). This short and plain

statement must be "sufficient to give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests." Jones v. Nat'l Commc'ns and Surveillance Networks, 266 F. App'x 31, 32 (2d Cir. Feb. 21, 2008) (internal citations and quotation marks omitted) (unpublished opinion). "The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988).

Under the now well-established Iqbal/Twombly standard, a complaint satisfies Rule 8 only if it contains enough allegations of fact to state a claim for relief that is "plausible on its face." Twombly, 550 U.S. at 570; Iqbal, 556 U.S. at 678. This "plausibility standard" is governed by "[t]wo working principles." Iqbal, 556 U.S. at 670, 678; accord Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009). First, although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Iqbal, 556 U.S. at 678; see also Twombly, 550 U.S. at 555, 557 (a pleading that offers "labels and conclusion" or "naked assertion[s]" devoid of "further factual enhancement" does not satisfy Rule 8). Second, only complaints that state a "plausible

7

claim for relief" can survive a motion to dismiss.  Iqbal, 556 U.S. at 679.  Determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id.; accord Harris, 572 F.3d at 72.

Rule 8 of the Federal Rules of Civil Procedure also requires that "[e]ach allegation must be simple, concise, and direct."  FED. R. CIV. P. 8(d)(1).  Indeed, pleadings must give "'fair notice of what the plaintiff's claim is and the grounds upon which it rests'" in order to enable the opposing party to answer and prepare for trial, and to identify the nature of the case.  Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346, 125 S. Ct. 1627, 1643, 161 L. Ed. 2d 577 (2005) (quoting Conley v. Gibson, 335 U.S. 41, 47 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957), overruled in part on other grounds by Twombly, 550 U.S. at 544)).

"When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative or in response to a motion by the defendant, to strike any portions that are redundant or immaterial . . . or to dismiss the complaint."  Salahuddin, 861 F.2d at 42.

Here, as is readily apparent, Plaintiff's Complaint does not comport with the pleading requirements of Rule 8, and fails to state a claim upon which relief may be granted even when read

8

liberally.  Plaintiff's submission does not allege any plausible claims against any Defendant, nor does Plaintiff even include sufficient factual information such that the unnamed individuals might be identified by the Suffolk County Attorney.  As a result, Plaintiff's Complaint does not comprise "a short and plain statement of the claim showing that the pleader is entitled to relief" pursuant to Rule 8, and wholly fails to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915.  Accordingly, the Complaint is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B).

V. <u>Leave to Amend</u>

For the reasons set forth above, Plaintiff's Complaint--even under the very liberal reading we accord <u>pro</u> <u>se</u> pleadings--fails to conform with the dictates of Rule 8.    Given Plaintiff's <u>pro</u> <u>se</u> status, the Court GRANTS LEAVE TO FILE AN AMENDED COMPLAINT WITHIN THIRTY (30) DAYS FROM THE DATE OF THIS MEMORANDUM AND ORDER.  Any Amended Complaint shall be clearly labeled "Amended Complaint" and bear only Docket Number 17-CV-6731(JS)(SIL).  Plaintiff shall include a "short and plain statement of the claim" and "[e]ach allegation must be simple, concise, and direct.  FED. R. CIV. P. 8(a)(2), 8(d)(1).  Plaintiff is advised that because an Amended Complaint completely replaces the original Complaint, all claims Plaintiff seeks to pursue against any Defendant(s) must be included

9

in the Amended Complaint. If Plaintiff does not have sufficient information at this time to identify the individuals he seeks to sue, Plaintiff may continue to name such individual as "John Doe" or "Jane Doe" but shall include factual allegations of conduct or inaction attributable to him or her in support of Plaintiff's claims. If Plaintiff does not file an Amended Complaint within the time allowed, judgment shall enter without further notice.

CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED, however the Complaint is sua sponte DISMISSED WITHOUT PREJUDICE for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). Plaintiff is GRANTED LEAVE TO FILE AN AMENDED COMPLAINT IN ACCORDANCE WITH THIS MEMORANDUM AND ORDER WITHIN THIRTY (30) DAYS FROM THE DATE AT THE BOTTOM OF THIS PAGE. If Plaintiff does not file an Amended Complaint within the time allowed, judgment shall enter without further notice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is further directed to mail a copy of this Memorandum and Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
JOANNA SEYBERT, U.S.D.J.

Dated: June __6__, 2018
       Central Islip, New York